UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBIN STANLEY, *et al.*,

        Plaintiffs,

                                          Case No. 12-cv-12437
vs.                                     HON. GERSHWIN A. DRAIN

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE SPECIALTY UNDERWRITING
AND RESIDENTIAL FINANCE TRUST MORTGAGE
LOAN ASSET-BACKED CERTIFICATES SERIES
2006-BC1 BACKED CERTIFICATES SERIES 2006-BC1,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#6] AND CANCELLING HEARING

### I.     INTRODUCTION

       On or about April 19, 2012, Plaintiffs, Robin M. Stanley and Mark Alan Peurasaari, filed this suit against Defendant, U.S. Bank National Association, as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC1 Backed Certificates Series 2006-BC1, in the Monroe County Circuit Court challenging the foreclosure of a mortgage that encumbered property located at 3100 Comboni Way, Monroe, Michigan 48162 (the "Property"). Defendant removed the matter to this Court on June 6, 2012. Plaintiff raises two claims: Setting Aside Foreclosure Sale, Count I; and Intentional Infliction of Emotional Distress, Count II.

       Presently before the Court is Defendant's Motion for Summary Judgment, filed on August

28, 2012. Plaintiffs failed to respond to Defendant's Motion for Summary Judgment by the deadline set forth in E.D. Mich. L.R. 7.1(e)(1)(B); Plaintiffs filed their Responsive Brief on January 10, 2013. The issues have been fully briefed and the Court finds that oral argument will not aid in the disposition of this matter. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), Defendant's Motion for Summary Judgment will be resolved on the briefs. For the reasons that follow, Defendant's Motion for Summary Judgment is granted.

## II.    FACTUAL BACKGROUND

On or about October 14, 2005, Plaintiffs granted a mortgage against the Property in exchange for a loan in the amount of $272,000.00 to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the Lender and Lender's successors and assigns. The Mortgage was recorded on November 13, 2005, in Liber 3020, Page 662 in the Monroe County Records. On December 2, 2005, MERS assigned the Mortgage to Defendant. The Assignment of Mortgage was recorded on July 29, 2008, in the Monroe County Records, Instrument number 2008R14742.

Plaintiffs defaulted on the terms of the Mortgage by failing to make their monthly installment payments. In July of 2009, foreclosure by advertisement was commenced. A foreclosure notice was published in the Monroe Evening News on September 9, 2009, September 16, 2009, September 23, 2009 and September 30, 2009. A copy of the foreclosure notice was also posted on the Property on September 11, 2009. The foreclosure sale was adjourned weekly from October 8, 2009, to September 22, 2011, by posting a notice of adjournment at the place of sale for Monroe County, Michigan. During this time, Plaintiffs were evaluated for a loan modification by Wilshire Mortgage and a trial loan modification was apparently granted. Defendant maintains Plaintiffs defaulted under the trial period plan. However, Plaintiffs claim they made their first payment of

$1,485.00 on or about February 25, 2010.  Plaintiffs attempted to make a second payment on or about March 25, 2010, but were told by Wilshire that it was no longer servicing the loan and it would not accept payment.  A representative of Wilshire informed Plaintiffs that Bank of America was the new servicer of the loan and payment should be made to Bank of America.  Plaintiff Stanley contacted a representative of Bank of America and was told that Bank of America had no record of the loan.  Plaintiff Stanley contacted Bank of America at least six times over the next three to four months.  Following Plaintiffs' default during the trial loan modification period, foreclosure proceedings resumed.

A Sheriff's sale was held on September 22, 2011.  Defendant purchased the Property as the highest bidder.  Plaintiffs claim that they were never provided notice of the Sheriff's sale.  There was no posting of a foreclosure notice for that date on their premises.  Plaintiffs learned of the Sheriff's sale from a realtor who appeared at their home and advised them that their house had been sold at a foreclosure sale.  The Plaintiffs claim this caused them to suffer extreme emotional distress.  On August 6, 2012, Plaintiffs received a letter from Bryan J. Hill, Vice President of Defendant, U.S. Bank.  The letter states that:

> A review of the information you provided to U.S. Bank National Association ("U.S. Bank") indicates that the mortgage on the above-identified property is held in the Trust and governed by the terms of the pooling and servicing agreement for the Trust.  U.S. Bank is neither the mortgagor nor the servicer of this mortgage.  Bank of America, N.A. is the servicer for your mortgage.  All actions related to your mortgage would have been done by Bank of America as servicer.  U.S. Bank, As Trustee of the Trust, would not have been aware of any actions or proceedings taken by the servicer.  Bank of America has the knowledge to respond to your specific questions regarding matters concerning your individual property.  As Trustee, U.S. Bank does not have any information to provide to you, nor do we have any control over the mortgage servicer.  The servicer is an independent, third party company and is not affiliated with U.S. Bank in any way and we have forwarded your complaint to them.

*See* Plfs.' Resp., Ex. D.  Additionally, Plaintiff Stanley requested loan ownership information on

September 4, 2012. This request has gone unanswered.

The statutory redemption period expired on March 22, 2012. Following the expiration of the redemption period, Defendant brought a termination of tenancy action to obtain possession of the premises. Defendant asserts that after Plaintiffs filed the instant action, Bank of America, N.A. ("BANA") offered to review the Plaintiffs again for a loan modification, however, Plaintiffs failed to submit the necessary documentation. Conversely, Plaintiffs claim that they have attempted to further pursue a modification of their loan and provided the necessary documents along with a letter dated December 4, 2012. Plaintiffs assert that they have yet to receive any response to their December 4, 2012 letter.

## III.    LAW & ANALYSIS

### A.    Standard of Review

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### B.      Defendant's Motion for Summary Judgment

"Foreclosure sales by advertisement are defined and regulated by statute. Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Senters v. Ottawa Sav. Bank*, FSB, 443 Mich. 45, 50; 503 N.W. 2d 639  (1993). Defendant argues that Plaintiffs have failed to demonstrate that they are entitled to have the foreclosure sale set aside. Contrary to Plaintiffs' contention, the notice of the foreclosure sale was proper under Michigan law. Michigan Compiled Laws § 600.3220 states:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

MICH. COMP. LAWS § 600.3220. Here, the sale was adjourned on a week-to-week basis from October 8, 2009 to September 22, 2011. *See* Def.'s Mot. for Summ. J., Ex. 7. Under Michigan law, "a party who publishes an initial notice of adjournment may continue to adjourn a foreclosure sale from week to week without having to republish a notice of the adjournment every week." *Worthy v. World Wide Fin. Servs.*, 347 F. Supp.2d 502, 510-11 (E.D. Mich. 2004). Thus, Plaintiffs contention that Defendant failed to provide notice in accordance with Michigan law is without merit. Under the statute, Defendant was only required to post notice of the adjournment "at the place where said sale is to be made" and not, as Plaintiffs suggest in their Response in Opposition, on the Property premises. MICH. COMP. LAWS § 600.3220.

In support of their argument that the foreclosure sale was invalid, Plaintiffs rely on the case of *Kim v. JP Morgan Chase Bank, N.A.*, 295 Mich. App. 200, 813 N.W.2d 778 (2012). As an initial matter, the Michigan Supreme Court recently reversed the decision of the Michigan Court of Appeals. *See Kim v. JP Morgan Chase Bank, N.A.,* No. 144690*,* 2012 Mich. LEXIS 2220, \*22 (Mich. Dec. 21, 2012). The Michigan Supreme Court held, overruling its decision in *Davenport v. HSBC Bank USA*, 275 Mich. App. 344, 239 N.W.2d 383 (2007), that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim*, 2012 Mich. LEXIS 2220, at \*22. Plaintiffs are entitled to have the foreclosure sale set aside only if they can

-6-

demonstrate that the irregularities or defects caused them prejudice. *Id.*

To the extent Plaintiffs maintain that Defendant violated MICH. COMP. LAWS § 600.3204(1)(d), Plaintiffs have failed to present any facts demonstrating that a question of fact exists. Section 600.3204(1)(d) states that a party may foreclose a mortgage by advertisement if "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." MICH. COMP. LAWS § 600.3204(1)(d). Further, "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale . . . ." MICH. COMP. LAWS § 600.3204(3). Here, the evidence shows that Defendant was the owner of an interest in the indebtedness by virtue of MERS assignment of the mortgage to Defendant on December 2, 2005. Additionally, the Assignment of Mortgage was recorded on July 29, 2008 in Monroe County Records, Instrument number 2008R14742, therefore Defendant complied with MICH. COMP. LAWS § 600.3204(3).

A foreclosure completed by MERS or an assignee of MERS is permitted under the foreclosure by advertisement statute. *See Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 909; 805 N.W. 2d 183 (2011). The *Saurman* court held that MERS or an assignee of MERS can complete a foreclosure by advertisement because "it is the owner . . . of an interest in the indebtedness secured by the mortgage." *Id.* A mortgage assignment by MERS and eventual foreclosure sale by the assignee is consistent with the foreclosure by advertisement statute. *See Bakri v. Mortgage Electronic Registration System*, No. 297962, 2011 WL 3476818, *4 (Mich. App. Aug. 9, 2011). Here, MERS assigned the mortgage to Defendant, which enforced its contractual rights by foreclosing its mortgage interest when Plaintiffs defaulted under the loan.

While Plaintiffs do not clearly set forth the argument, the Court discerns from Plaintiffs'

submissions, that Plaintiffs also claim that Defendant violated MICH. COMP. LAWS § 600.3204(4), which prohibits a party from initiating foreclosure by advertisement if one of the following circumstances exist: "The mortgagor and mortgagee have agreed to modify the mortgage loan and the mortgagor is not in default under the modified agreement."  MICH. COMP. LAWS § 600.3204(4)(f). Here, it appears that Plaintiffs and Wilshire Mortgage had entered into a loan modification agreement.  It is not clear when Wilshire Mortgage began servicing the loan, and Wilshire Mortgage was not the mortgagee, therefore it would seem that MICH. COMP. LAWS § 600.3204(4)(f) is inapplicable here.  In any event, based on the Michigan Supreme Court's recent decision in *Kim, supra*, even if there was a defect in the foreclosure process, in order for the Court to set aside the sale, Plaintiffs must demonstrate that they were prejudiced by the defect.  Relying on the reasoning in *Jackson Inv. Corp. v. Pittsfield Prod. Inc.*, 162 Mich. App. 750, 755-56, 413 N.W.2d 99 (1987), the *Worthy* court held that even if the plaintiffs could establish defects in the notice of the foreclosure sale, they were not entitled to have the foreclosure sale set aside because they could not show prejudice.  *Worthy*, 347 F. Supp.2d at 511.  In concluding that the plaintiffs could not show prejudice, the *Worthy* court relied on the fact that they failed to redeem the property during the statutory redemption period. *Id*.

In *Jackson*, the Michigan Court of Appeals held that:

> We hold that a defect in notice renders a foreclosure sale voidable.  Such a holding also allows for an examination of whether any harm was caused by the defect.  In situations where it is evident that harm was suffered, in that the mortgagor would have been in no better position had notice been fully proper and that the mortgager lost no potential opportunity to preserve some or any portion of his interest in the property, we see little merit in the rule of law which [the mortgagor] advocates. Such a rule would automatically nullify the sale without regard to consideration of the intervening interests of the other parties.  We conclude that the trial court correctly held that the notice defect rendered the sale voidable and not void.

*Jackson*, 162 Mich. App. at 755-56; *see also, Kim*, 2012 Mich. LEXIS 2220, at *22 (concluding that

the plaintiffs "must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute."). Here, Plaintiffs have failed to present any evidence demonstrating a question of fact remains as to whether any purported defects in the foreclosure process caused them prejudice.

Lastly, the Court also concludes that Plaintiffs' claim for intentional infliction of emotional distress fails as a matter of law. Any duty owed to plaintiffs arose solely out of the parties' contractual relationship, and Michigan law precludes tort actions where a contractual agreement exists. *See Sherman v. Sea Ray Boats, Inc.*, 251 Mich. App. 41, 52; 649 N.W.2d 783 (2002). "Michigan case law expressly provides that an action in tort may not be maintained where a contractual agreement exists, unless a duty, separate and distinct from the contractual obligation, is established." *Id*. Plaintiffs fail to address Defendant's argument in their Response in Opposition. Any duties that Defendant owed to Plaintiff arose out of the mortgage agreement and not from a duty that is separate and distinct from the contractual agreement. Defendant is entitled to judgment in its favor on this claim.

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment [#6] is GRANTED.


SO ORDERED.

Dated: January 18, 2013                            /s/Gershwin A Drain
                                                   GERSHWIN A. DRAIN
                                                   UNITED STATES DISTRICT JUDGE